# OLSHAN

1325 AVENUE OF THE AMERICAS ■ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ■ FACSIMILE: 212.451.2222

EMAIL: TFLEMING@OLSHANLAW.COM
DIRECT DIAL: 212.451.2213

July 25, 2025

**VIA ECF**

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Avalon Holdings Corporation v. Gentile*, Case No. 24-999 (2d Cir.)*; New Concept Energy, Inc. v. Gentile*, 24-1002 (2d Cir.), Rule 28(j) Notice

Dear Ms. Wolfe:

    Pursuant to F.R.A.P. Rule 28(j), counsel for Defendant-Appellant Guy Gentile ("Mr. Gentile") writes to provide this Court with pertinent and significant developments that have come to their attention after the briefs in the above-referenced consolidated appeals (the "Appeals") were filed.

    In Plaintiffs-Appellees' Briefs in the Appeals (at pp. 1–7), they argued that Mr. Gentile's appeals should be dismissed based on the "fugitive disentitlement doctrine," relying on a bench warrant issued by the District Court. However, earlier this week, Appellees' counsel notified the District Court that his prior representation regarding service on Mr. Gentile was "incomplete" and "misleading." *See* Ex. A. Mr. Gentile's former counsel in the underlying actions responded and sought the opportunity to seek sanctions. *See* Ex. B. The District Court ordered the parties to submit a briefing schedule for the sanctions motion no later than July 28, 2025. *See* Ex. C. These developments relate directly to Appellees' assertion that Mr. Gentile is a "fugitive" as a result of the bench warrant issued by the District Court.

July 25, 2025
Page 2

    We attach as Exhibits A–C the above letters and the District Court Order.

    We thank the Court for its attention to this matter.

                                         Sincerely,

                                         */s/ Thomas J. Fleming*

                                         Thomas J. Fleming

12963684-2

# EXHIBIT A

# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

July 23, 2025

Hon. Denise L. Cote
Judge, U.S. District Court, S.D.N.Y.

Re:  *Avalon Holdings Corp. v. Gentile*, 18-cv-7291 (DCL) (RWL)
     *New Concept Energy, Inc. v. Gentile*, 18-cv-8896 (DCL) (RWL)

Re:  a) Informing The Court Of Statement In Prior Request For Bench Warrant Made Erroneous Or Misleading By Subsequent Events;
     b) Request For Leave To Move For Additional Publication Of Notice Of Issuance Of Bench Warrant, If Deemed Necessary.

Your Honor:

I am one of plaintiffs' counsel and I write to inform the court of a representation which I made in support of the application of the plaintiffs for a bench warrant for the arrest of Guy Gentile, Docket entries 335 (Avalon) and 308 (New Concept) which has been made incomplete by subsequent events and thereby misleading. In that application I stated that I had made arrangements for publication on three occasions of a Notice of the hearing on plaintiffs' motion for issuance of the warrant in the Gulf News, a newspaper of general circulation emanating from Dubai, The United Arab Emirates. This statement was true when made.

Although I had made arrangements by telephone for such publication I did not verify that those instructions had been carried out. I have now been informed by Mr. Gentile's former attorney of record in these cases and current attorney in other unrelated matters, Adam Ford, that such publication did not occur. I am attempting to confirm the accuracy of Mr. Ford's statements but having checked my credit card statements have determined that payment I had authorized for publication was not drawn down. I am pursuing the matter with the newspaper but because of distance and time zone differences I will not have answers for a few days. But I accept the likelihood that Mr. Ford is correct and I apologize to Your Honor and to Mr. Ford for my good faith statements made erroneous by subsequent events and not supplemented on the record.

With profound embarrassment I respectfully contend that the failure of publication is harmless error in that there are seven other means of attempted notification of Mr. Gentile enumerated in my affirmation and in that of my co-counsel, Ms. Tauber, and there is ample evidence in the record supporting issuance of the warrant:

1. Mr. Gentile's attorney of record was served via ECF with all papers on the motion and with the court's order granting it.

# DAVID LOPEZ

Hon. Denise L. Cote
July 23, 2025
Page 2

2. Mr. Gentile's attorney of record attended the conference of July 23, 2024, at which he was questioned by Your Honor concerning Mr. Gentile's absenting himself from participation in post-judgment proceedings. He professed to have no recent contact with or cooperation from Mr. Gentile.

3. Mr. Gentile's attorney of record was served with a copy of the Notice.

4. None of Mr. Gentile's many attorneys, in these cases and in the unrelated ongoing case, U.S. Securities and Exchange Commission v. Mintbroker International Ltd. and Guy Gentile, 21-cv-21079, S.D. Fla, has confirmed Dubai in the United Arab Emirates to be Mr. Gentile's current place of concealment. Publication in Dubai was chosen based on hearsay placing him there, not on actual verified knowledge, making Dubai a less than vital venue for published notice.

5. It strains credulity that his counsel in the Florida case, which included Mr. Gentile's trial testimony in open court and who were formerly attorneys of record in these cases, would not have informed Mr. Gentile of developments in these cases so that Mr. Gentile would not have had actual knowledge of proceedings for an arrest warrant.

6. There has been no execuition of the warrant. Mr. Gentile continues hiding in a place or places unknown.

I respectfully ask leave to move to supplement the record supporting the warrant through publication of a notice of its issuance in a newspaper of general circulation in San Juan, Puerto Rico, the last known place of residence of Mr. Gentile prior to his absconding, plus service upon his attorney of record.

Respectfully,

David Lopez

Cc: All counsel of record via ECF
    Adam Ford, Esq.
    Miriam Tauber, Esq.

# EXHIBIT B



The Honorable Denise L. Cote                                                                July 23, 2025
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Avalon Holdings Corp. v. Gentile*, 18-cv-7291 (DCL) (RWL), *New Concept Energy, Inc. v. Gentile,* 18-cv-8896 (DLC)(RJL): request for conference and sanctions in response to sworn material misrepresentations

Dear Judge Cote:

      We are non-party subpoena recipients and write to respond to David Lopez's letter [ECF 354, 386] attempting to mitigate the significance of his filing of a knowingly false affidavit of service to obtain a civil arrest warrant against Mr. Gentile. Lopez's actions have deceived the Court and caused my firm to incur significant costs in responding to improper, needless, and harassing discovery requests, motions to compel, and a deposition. We respectfully request relief including (1) an in-person conference and (2) the opportunity to fully brief a motion for sanctions pursuant to the Court's inherent equitable powers (or pursuant to Rule 11 or § 1927).

      We now know Plaintiffs' attorneys Lopez and Tauber have pursued satisfaction of judgment with a strategy of intentional non-service of Mr. Gentile while deceiving the Court through misleading filings to obtain an arrest warrant. For instance, from May to September 2024 (the period during which they sought and obtained authorization to serve process by alternatives means), they were aware of Mr. Gentile's home address in San Juan, Puerto Rico and that Mr. Gentile was participating in a civil action in the Southern District of Florida, with pretrial and trial proceedings occurring between June 4, 2024 and July 2, 2024. *See Sec. & Exch. Comm'n v. Mintbroker Int'l Ltd.*, Case No. 1:21-cv-21079 (S.D. Fla.); *see also* ECF No. 329. Mr. Gentile attended the entire Miami trial in person as well as all related pre-trial and trial conferences and also testified in person during the trial. Rather than serve Mr. Gentile at his home or in Miami, Lopez and Tauber represented to the Court that on May 30, they purportedly tried to serve Mr. Gentile with subpoena and deposition notices via his former counsel, Thomas Fleming,[1] seeking a deposition on July 1, 2024. *See* ECF No. 314. On July 1, with the Miami trial still ongoing, Plaintiffs' counsel moved this Court to hold Mr. Gentile in contempt for his non-response without providing evidence of actual service or attempts at service. *Id.* During

---

[1] Fleming had moved to withdraw as counsel on May 2 (ECF No. 286), and had notified the Court on May 29 that he could not reach Gentile. ECF No. 303.

this time, it appears Mr. Gentile could have easily been served in Miami, or at his then-San Juan home address that Lopez and Tauber already possessed and cited in a May 8 filing before this Court (ECF No. 294).[2]

After engaging in willful non-service, on August 14, 2024, Avalon and New Concept filed a renewed application to compel Gentile to respond to the (never-served) subpoena and moved for a civil arrest warrant. *See* ECF Nos. 328-329. Initially declining to issue the arrest warrant, the Court endorsed Lopez and Tauber's *own proposed order* suggesting alternative service by publication in Dubai.[3] Service via publication in a UAE newspaper as proposed by Lopez and Tuber, however, was never viable because it violates the UAE law, meaning the paper would never have agreed to publication of the foreign subpoena in the first place, adding another layer to Lopez's ongoing lack of candor before this Court.

On September 7, 2024, Lopez submitted an affidavit of service, to which he "affirm[ed] the truth," under penalty of perjury, that he had carried out service compliantly. ECF No. 335 at 2. In reliance on this sworn representation, the Court then issued the sought civil arrest warrant, instructing in part that if located, "Gentile shall be incarcerated until he responds to Avalon's post-judgment subpoenas or until further Order of this Court." ECF No. 341 at 5.

Once the warrant was issued, Lopez and Tauber wielded it as a weapon in numerous other proceedings, and against third parties, including Ford O'Brien Landy ("FOBL"), which continues to expend significant resources and incur significant costs in responding to discovery requests predicated on the outstanding civil arrest warrant. For instance, Lopez and Tauber have a pending motion *sub judice* before the Second Circuit seeking to dismiss Mr. Gentile's appeal of the final judgment in these cases (under the "fugitive disentitlement doctrine"[4]). They have also used the fraudulently obtained civil arrest warrant to threaten individuals in other jurisdictions, including the Southern District of Florida, where the judgment appears not to have been domesticated and where neither Lopez nor Tauber appear to be admitted to practice.[5]

They have also invoked the civil arrest warrant to harass FOBL. In contesting the applicability of the attorney-client privilege and Rule 1.6(a) of the NY Rules of Professional Conduct (barring the revealing of confidential information), Lopez accused FOBL of "rely[ing]" on these rules to avoid disclosure of possible "knowledge or possession as to the hiding place of Mr. Gentile, a fugitive from justice and from an arrest warrant outstanding before this court." ECF No. 359 at 2; *see also* ECF No. 371 at 2. Lopez and Tauber have thus spurred unnecessary litigation and expenses, predicated on false pretenses and misleading representations to the

---

[2] A month later, on August 14, Plaintiff's counsel renewed their motion to compel and also sought a civil arrest warrant, representing to the Court that process servers had been unable to serve Mr. Gentile at a different San Juan address. Specifically, Lopez's filing reported that "[p]rocess servers sent to that address have reported back that Mr. Gentile is not in residence." ECF No. 329 at 2. This filing attached no affidavit or record from a process server, and was not even signed. *Id.* at 8.

[3] Counsel for Plaintiff relied solely on "unconfirmed rumors" that Mr. Gentile had "relocated to Dubai in the United Arab Emirates." ECF No. 329 at 3.

[4] *See Avalon Holdings Corp v. Gentile*, Case No. 24-999 (2d Cir.), ECF No. 45-1 ("Appellees' Motion for Dismissal or a Stay of Proceedings"); ECF No. 46.1 at 1 (Brief for Plaintiff-Appellee).

[5] *See* Case No. 1:24-mc-23709, ECF No. 4.

Court. We intend to seek sanctions for this conduct and request the opportunity to present the matter more fully to the Court through an in-person or telephonic conference and full briefing.

                Respectfully Submitted,

                /s/ Adam C. Ford
                Adam C. Ford

cc: All Counsel of Record (via ECF)

# EXHIBIT C

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
                                            :
AVALON HOLDINGS CORP.,                      :
                                            :
                         Plaintiff,         :
            -v-                             :
                                            :
GUY GENTILE and MINTBROKER                  :   18cv7291 (DLC)
INTERNATIONAL, LTD.,                        :   18cv8896 (DLC)
                                            :
                         Defendants.        :       ORDER
                                            :
--------------------------------------      :
                                            :
NEW CONCEPT ENERGY, INC.,                   :
                                            :
                         Plaintiff,         :
            -v-                             :
                                            :
GUY GENTILE and MINTBROKER                  :
INTERNATIONAL, LTD.,                        :
                                            :
                         Defendants.        :
                                            :
-------------------------------------------X
```

DENISE COTE, District Judge:

Having received letters of July 23, 2025 from the plaintiff and from non-party attorney Adam C. Ford, it is hereby

ORDERED that the parties shall confer regarding a schedule for briefing a motion for sanctions and shall provide the Court with a proposed schedule by **July 28, 2025**.

IT IS FURTHER ORDERED that request to hold a conference before any briefing on a motion for sanctions is fully submitted is denied.

Dated:   New York, New York
         July 24, 2025

                                    _____
                                             DENISE COTE
                                    United States District Judge